731 S.E.2d 592

**In the Matter of William Koatesworth SWOPE, Respondent.**

**Appellate Case No. 2012–212392.**

**No. 27158.**

Supreme Court of South Carolina.

Submitted July 16, 2012.

Decided Aug. 15, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and Charlie Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

John P. Freeman, of Columbia, for Respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand or definite suspension not to exceed thirty (30) days. Respon-

dent further agrees to complete the Legal Ethics and Practice Program Ethics School within twelve (12) months of the imposition of a sanction. We accept the Agreement and issue a public reprimand. In addition, respondent shall complete the Legal Ethics and Practice Program Ethics School within twelve (12) months of the date of this opinion. The facts, as set forth in the Agreement, are as follows.

## Facts

### Matter I

In 2004, respondent was retained to handle a refinance closing for Complainant A and his business partner. Subsequent to the closing, respondent received a telephone call from the lender requesting Complainant A sign an assignment of rents form and record it with the mortgage.

Respondent represents he contacted Complainant A on at least two occasions to sign the document requested by the lender. Complainant A failed to respond to respondent and the document was not signed.

Respondent's closing file was placed in "the post-closing cabinet" at respondent's office, as though the mortgage had been recorded. In fact, the mortgage had not been recorded.

Approximately ten (10) months later, after receiving a call from Complainant A about a potential problem with the closing, respondent discovered the mortgage had never been recorded. Respondent renewed his attempts to have Complainant A sign the assignment of rents form, but his attempts were of no avail. Eventually, respondent recorded the mortgage without the assignment form.

Complainant A maintained that respondent owed him damages for the delay in the recording of the mortgage. Respondent reported the matter to his malpractice carrier.

Respondent admits he failed to respond to ODC in a timely manner about this matter.

### Matter II

Complainant B hired respondent to represent her in a civil action. At some point, Complainant B terminated the attor-

ney/client relationship and requested respondent provide a copy of her client file.

On September 9, 2005, Complainant B's daughter picked up the client file on her mother's behalf. The daughter indicated that certain documents seemed to be missing from the file. The daughter believed that respondent would communicate with her about the allegedly missing documents.

Approximately two months went by without any further response from respondent or his staff. Complainant B elicited the assistance of the Client Assistance Program with the South Carolina Bar in an attempt to mediate the situation with respondent.

Respondent acknowledges that he failed to punctually communicate with his client. He also admits he failed to respond in a timely manner to ODC about this matter.

### Matter III

Respondent handled a real estate closing for Complainant C in 2000 and, again, in 2001, when Complainant C refinanced his mortgage. In January 2006, Complainant C attempted to again refinance his mortgage. Complainant C engaged the services of another attorney. During this process, the other attorney discovered a problem with the title requiring the deed(s) from 2000 and 2001 to be corrected.

At the end of January 2006, Complainant C contacted respondent's office. He spoke with respondent's paralegal who indicated respondent would correct the problem.

Respondent acknowledges he was not as diligent as he should have been in correcting this matter. Further, respondent acknowledges he failed to respond to ODC about this matter in a timely manner.

### Matter IV

Respondent represented the plaintiff in a civil action. However, respondent believed that his representation was limited to writing and filing a single memorandum on plaintiff's behalf with the circuit court.

Respondent's client filed a Notice of Appeal with the South Carolina Court of Appeals. By letter dated July 22, 2005, the

Clerk of the South Carolina Court of Appeals notified respondent that, according to the South Carolina Appellate Court Rules, the trial attorney is deemed to be the attorney of record on appeal until he has been relieved by the Court and, if respondent was choosing not to represent his client, then he must petition the Court to be relieved as required by Court Rules.

The Clerk requested the status of respondent's representation within ten (10) days. Respondent failed to respond to the request.

By letter dated August 15, 2005, the Clerk informed respondent that since the Court had not received any response from respondent to the July 22 letter, the Court would continue to list respondent as counsel for the plaintiff. The Clerk informed respondent that he was to notify the Court when he had received the transcript and timelines would be set accordingly.

By letter dated November 8, 2005, the Clerk informed respondent that, according to its information, the time for the transcript to be delivered had expired and that no extension had been requested. The Clerk informed respondent that the Court wished to be advised of the status of the transcript within ten (10) days or the appeal might be dismissed. Respondent failed to respond to this request.

By letter dated April 21, 2006, the Clerk informed respondent that the Court had not received the information it had requested in the November 8, 2005, letter. Once again, the Clerk reiterated that it was necessary for respondent to notify the Court of the status of the transcript within ten (10) days. The Clerk notified respondent that failure to comply with the Court's instruction would result in further action by the Court. Respondent failed to respond to this letter.

By letter dated June 23, 2006, the Clerk reminded respondent that he was still listed as counsel for the plaintiff. The Clerk informed respondent that the Court had not received a response from him regarding its previous letters. The Clerk advised respondent that he was to provide a response to the letter within ten (10) days. Respondent failed to respond to this letter.

Respondent represents that, based on a previous telephone conversation with the Clerk's office, he mistakenly believed the plaintiff's appeal had been dismissed. Respondent regrets and apologizes for the misunderstanding and his failure to respond to the Clerk's letters. Respondent represents he filed a Motion to be Relieved as Counsel for the plaintiff and the motion was granted.

### Matter V

Complainant D retained respondent in 2003 to represent her in two separate actions involving her homeowner's association. Respondent acknowledges that he was not diligent in representing Complainant D. In addition, respondent acknowledges that he failed to communicate with Complainant D in a timely manner regarding requests for information and/or updates about her cases. Respondent apologizes for his conduct.

### Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act diligently in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about the status of matter and promptly comply with reasonable requests for information); Rule 1.16(c) (lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation); Rule 8.1 (lawyer shall not knowingly fail to respond to demand for information from disciplinary authority); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice). Respondent also admits he has violated the following Rule for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

### Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct. Respondent shall complete the Legal Ethics and Practice Program Ethics School within twelve (12) months of the date of this order and

provide certification of completion of the program to the Commission on Lawyer Conduct within ten (10) days of the conclusion of the program.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.